UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ORTIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 19-CV-1293 JLS (BGS)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO, CENTRAL DIVISION**<br><br>(ECF No. 1) |

Presently before the Court is Defendant Costco Wholesale Corporation's Request for Removal ("Not. of Removal," ECF No. 1). On July 11, 2019, Defendant removed this action from the Superior Court of the State of California, County of San Diego on the grounds that "[d]iversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000." *Id.* ¶ 4. Although Plaintiff did not file a motion to remand, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

Here, the underlying Complaint provides no indication as to the amount in controversy. *See generally* Compl. (ECF No. 1 Ex. A). Defendant's removal is therefore premised entirely on Plaintiff's June 10, 2019 Statement of Damages, in which Plaintiff

"claims damages in excess of $620,091.40." *See* Not. of Removal ¶ 9 & Ex. B. The Statement of Damages reveals that Plaintiff claims $20,091.40 for "[m]edical expenses (to date)" and $300,000 each for past and future "[p]ain, suffering, and inconvenience," as well as amounts to be determined for future medical expenses and past and future loss of earnings. *See* Not. of Removal Ex. B. Defendant therefore claims that "it is facially apparent from the Complaint that PLAINTIFF has alleged damages which greatly exceed the amount in controversy threshold of $75,000." Not. of Removal ¶ 9.

Contrary to Defendant's contention, Plaintiff's Statement of Damages is not part of his Complaint and, consequently, it is not "facially apparent from the Complaint" that Plaintiff has alleged damages exceeding the $75,000 jurisdictional threshold. While "[a] statement of damages 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim[,]' . . . [a] plaintiff's damage estimate will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction." *Schroeder v. PetSmart, Inc.*, No. CV191561FMOAGRX, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM JEMX, 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014)). Consequently, "[e]ven in cases where a plaintiff alleges more than $75,000.00 in its statement of damages, that allegation alone, without support in either plaintiff's complaint or defendant's notice of removal, are not sufficient to carry defendant's burden to prove the required jurisdictional amount." *Boutorabi v. Gov't Emps. Ins. Co.*, No. SACV171026DOCDFMX, 2017 WL 3037400, at *3 (C.D. Cal. July 18, 2017) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1230–31 (N.D. Cal. 2000)).

Here, "the only damage claim concretely supported by the complaint is a claim for" $20,091.40 for past medical expenses. *See Surber*, 110 F. Supp. 2d at 1231; *see also* Removal Not. Ex. B. Although the Statement of Damages claims an additional $600,000 for past and future "[p]ain, suffering, and inconvenience" and reserves the right to claim future medical expenses and past and future loss of earnings, *see* Removal Not. Ex. B,

3

19-CV-1293 JLS (BGS)

"[t]he statement of damages does not explain how [Plaintiff] arrived at these estimates." *See Romsa*, 2014 WL 4273265, at *2; *see also Lendl v. State Farm Mut. Auto. Ins. Co.*, No. CV 15-5322-GW (PJWX), 2015 WL 12912367, at *2 (C.D. Cal. Aug. 14, 2015).

It is therefore Defendant's burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Matheson*, 319 F.3d at 1090; *see also, e.g.*, *Schroeder*, 2019 WL 1895573, at *2 (applying preponderance of the evidence standard when *sua sponte* remanding slip-and-fall action removed on basis of plaintiff's statement of damages); *Agdayan v. Travelers Commercial Ins. Co.*, No. SACV1701503CJCJDEX, 2017 WL 4792202, at *2 (C.D. Cal. Oct. 24, 2017) (applying preponderance of the evidence standard where defendant "offer[ed] no evidence on th[e amount of emotional distress damages in controversy] beyond Plaintiff's 'Statement of Damages'"); *Pagone v. ABM Onsite Servs.-W., Inc.*, No. CV-15-7921-MWF-RAO, 2016 WL 356019, at *3 (C.D. Cal. Jan. 29, 2016) (applying preponderance of the evidence standard where defendant removed on the basis of plaintiff's deposition testimony that he was claiming $38,456 in lost wages and $50,000 in emotional damage). This it is has failed to do.

Consequently, Defendant has failed to produce evidence to meet its burden of showing by a preponderance of the evidence that the amount in controversy attributable to Plaintiff's claims exceeds the $75,000 threshold. *See, e.g.*, *Schroeder*, 2019 WL 1895573, at *3 (*sua sponte* remanding slip-and-fall case where "the Statement of Damages cites no facts to explain how plaintiff determined the $4,500,000 amount"). The Court therefore **REMANDS** this action to the Superior Court of the State of California, County of San Diego, Central Division.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Janis L. Sammartino
United States District Judge